IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FARRAH GILOT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-1720-K-BN |
| | § | |
| GREYHOUND, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Farrah Gilot brought this *pro se* action against Defendant Greyhound Lines, Inc. in the Eastern District of New York. *See* Dkt. Nos. 1, 5, & 6. That court granted Ms. Gilot's motion to transfer venue. *See* Dkt. Nos. 37 & 38.

After the transfer of this action under 28 U.S.C. § 1406(a), *see* Dkt. No. 38, it was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade.

Greyhound now moves to dismiss Ms. Gilot's complaint for lack of subject matter jurisdiction and because, it asserts, Ms. Gilot has failed to prosecute this action. *See* Dkt. Nos. 61 & 62. Ms. Gilot filed a response. *See* Dkt. No. 64. And Greyhound replied. *See* Dkt. No. 65.

Because the Court must consider its jurisdiction at the outset, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant Greyhound's motion to dismiss to the extent that this case should be

dismissed without prejudice under Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

## Legal Standards

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). As such, the Court must dismiss a complaint for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

The burden of proof for a motion to dismiss for lack of subject matter jurisdiction "is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist" in any case originally filed in federal

court. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted); *see also St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." (citation omitted)).

Where a defendant files a motion to dismiss asserting that there is no subject matter jurisdiction, that attack is considered "facial" – and the Court need look only to the sufficiency of the allegations of the plaintiff's complaint, or on the complaint as supplemented by undisputed facts, all of which are presumed to be true. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981).

A "factual" attack on jurisdiction, on the other hand, is based on affidavits, testimony, and other evidentiary material. *See id.* Under such an attack, the Court "is empowered to consider matters of fact which may be in dispute," *Ramming*, 281 F.3d at 161, and, to oppose such a motion, "a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction," *Paterson*, 644 F.2d at 523.

## Analysis

Ms. Gilot's amended complaint provides that diversity jurisdiction under 28 U.S.C. § 1332 exists, because she is a citizen of New York, whereas Greyhound is a citizen of Delaware and Texas, *see* Dkt. No. 5 at 4, and because the applicable amount in controversy exceeds $75,000, as she requests actual damages totaling up to $2,655 (for lost luggage (and its contents) and a lost Green Card) and $500,000 in emotional

damages, *see id.* at 5.

And, to the extent that Ms. Gilot relies on federal criminal statutes as a basis for subject matter jurisdiction, *see id.* at 8, even if such statutes may somehow apply, she may "not assert a valid basis for federal question jurisdiction" by relying "on federal criminal statutes only," *Robinson v. Pulaski Tech. Coll.*, 698 F. App'x 859 (8th Cir. 2017) (per curiam) (citations omitted), as Ms. Gilot has "no standing to institute a federal criminal prosecution and no power to enforce a criminal statute," *Savannah v. United States*, No. 3:07-cv-2052-O, 2009 WL 1181066, at *2 (N.D. Tex. Apr. 30, 2009) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Batchelder*, 442 U.S. 114, 124 (1979)); *see also McKeague v. Matsuura*, Civ. No. 08-00571 ACK-KSC, 2009 WL 89112, at *2 (D. Haw. Jan. 12, 2009) (citing "a handful of federal criminal statutes ... fails to sufficiently demonstrate that [a plaintiff's] claims arise under federal law" (citation omitted)).

Greyhound does not dispute that there is complete diversity, *see* Dkt. No. 62, ¶ 8, but instead argues that Ms. Gilot has not shown that the amount in controversy has been satisfied based on the speculative damage allegations in her operative complaint, *see id.*, ¶¶ 9 & 10.

Applicable to Greyhound's motion to dismiss, to establish federal jurisdiction based on diversity, the amount in controversy must exceed $75,000. This amount "is determined by the amount of damages or the value of the property that is the subject of the action." *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012) (per curiam) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

And "[i]t has long been recognized that 'unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted); *see also Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp. 2d 601, 607 (N.D. Tex. 2006) ("The sum claimed by a plaintiff controls the court's 'amount in controversy' analysis, unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount. In general, the court will look to the plaintiff's complaint regarding the pleaded amount in controversy, but the court is also free to look to other information before the court, including any discovery material and affidavits." (collecting authority)).

"To justify dismissal, 'it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted); *see also Bloom v. Depository Trust Co.*, 136 F.3d 1328, 1998 WL 44542, at *1 (5th Cir. Jan. 26, 1998) (per curiam) ("When the defendant has challenged the amount in controversy in the proper manner, the plaintiff must support his allegations of jurisdictional amount with competent proof. To meet this burden, Bloom, the plaintiff, must show 'that it does not appear to a legal certainty that its claim is for less than the jurisdictional amount.' 'Good faith' alone is not the test." (footnotes omitted)).

Here, Ms. Gilot fails to plausibly allege facts that could support good faith claims equaling the jurisdictional minimum – much less emotional damages equal to $500,000 – based on the loss of her luggage, its contents, and her identification (all of which she alleges are valued at less than $3,000); the fact that her bus journey, expected to last

-5-

25 hours, "instead lasted 96 hours"; and the conclusory assertion that she "was hospitalized from the mental stress." Dkt. No. 5 at 5-11; *see also Butler v. Dallas Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017) (per cuiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001))).

And, while Ms. Gilot responded to the motion to dismiss, *see* Dkt. No. 64, after being challenged as the jurisdictional amount, *see* Dkt. Nos. 61-63, her response fails "to specify the factual basis of [her] claims" to show that the amount in controversy exceeds $75,000, *Celestine*, 467 F. App'x at 319-20 ("'While a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury. This is especially so when, after jurisdiction has been challenged, a party has failed to specify the factual basis of his claims. Jurisdiction is not conferred by the stroke of a lawyer's pen. When challenged, it must be adequately founded in fact.'" (quoting *Diefenthal v. C.A. B.*, 681 F.2d 1039, 1052 (5th Cir. 1982))); *see Diefenthal*, 681 F.2d at 1053 ("In sum, the party invoking the court's jurisdiction has the burden of establishing the factual basis of his claim by pleading or affidavit. This allows the court to test its jurisdiction without requiring the expense and burden of a full trial on the merits. [Ms. Gilot was] put on notice both by the court's own statements [Dkt. No. 62] and by [Greyhound's] motion to dismiss for lack of jurisdiction, that [she] needed to show some basis for the amount of damages [she]

claimed. [She] failed to do so and the district court [may] properly [dismiss her] claims.").[1]

## Recommendation

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 12(h)(3).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

---

[1] *See also Hernigle v. Alon Corp.*, No. 3:08-cv-2085-B, 2009 WL 362308, at *2 (N.D. Tex. Feb. 13, 2009) ("In this case, it appears to a legal certainty that plaintiff's claim is for far less than the $75,000 jurisdictional amount. Although the incident may have made plaintiff 'very upset' and he allegedly 'suffered pain and suffering, humiliation, debasement, and Emotional distress,' nothing in the complaint or his answers to the [screening questionnaire] provide any good faith basis for a recovery at or above the jurisdictional amount. Plaintiff complains in part of rude and discourteous conduct. This is legally insufficient to justify a damage claim of the existing jurisdictional amount of $75,000. Throwing baked goods at Plaintiff goes beyond mere rudeness but is still legally insufficient to justify damages in excess of $75,000. Suits of this nature are 'precisely the kind of "petty controversy" that Congress intended the jurisdictional amount to exclude from federal jurisdiction.' 'When litigants improperly invoke the aid of a federal court to redress what is patently a trifling claim, the district court should not attempt to ascertain who was right or who was wrong in provoking the quarrel but should dispatch the matter quickly.'" (citations omitted)).

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 24, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE